## Edwin A. Potter, Receiver of The Calumet El. St. Ry. Co. v. Frank Leviton, by His Next Friend.

1. CONTRIBUTORY NEGLIGENCE—*Can Not be Imputed to a Child Four Years Old.*—Contributory negligence can not be imputed to a child of the age of four years for conduct which in an adult would be a want of ordinary care.

**Trespass on the Case**, for personal injuries. Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.

Potter v. Leviton.

Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed April 18, 1902.

This was an action to recover damages sustained by a boy from the alleged negligence of plaintiff in error.

The accident happened on the afternoon of Sunday, June 6, 1897, at the point where 111th place comes into Michigan avenue from the west. When the boy was hurt there were two trains of defendant's cars at or about the spot where the injury occurred, one of which trains was south and the other north-bound.

Whether the boy was "lawfully on" either track and was run into by the car, or was clear of both tracks and suddenly ran into the side of the south-bound car and was injured between the two trains, was disputed—the plaintiff contending for the first theory and the defendant for the latter. A verdict and judgment for $2,000 were rendered in the Circuit Court.

KENESAW M. LANDIS, attorney for plaintiff in error.

ROY O. WEST, KITT GOULD and J. R. BECKETT, attorneys for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The plaintiff below was about four years old when injured. He was lawfully on the street crossing and the party operating the road was bound to exercise ordinary care for the safety of this child. This little one was at a place where the company knew pedestrians and teams were to be expected and watched for. If the boy suddenly ran in front of or against the side of the car in a manner not reasonably to be expected, and was injured in consequence of such sudden and unexpected movement on his part, no recovery by him can be had.

If, on the other hand, being upon the track, where, by the exercise of reasonable diligence, he could have been seen by the motorman in time to have stopped his car and thus avoided the injury, it was negligence not to have stopped in time to have prevented the accident.

Contributory negligence can not be imputed to this child for conduct which in an adult would have been a want of ordinary care.

Some of the witnesses for the plaintiff below were confused in their statements as to which car it was by which the boy was hurt as well as to the place from whence he came and the direction in which he was going.

The injury was to the toes of the left foot, a number of which were crushed and had to be amputated.

The jury evidently did not find that the boy ran into the side of the car; nor do we see how, in view of the injury, this could have been the case.

The judgment of the Circuit Court is affirmed.